```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**ANTHONY RAY JENKINS,**

               **Plaintiff,**

        **v.**                                 **CASE NO.  11-3231-SAC**

**STATE OF KANSAS,**
**et al.,**

               **Defendants.**

### O R D E R

This pro se civil complaint, 42 U.S.C. § 1983, was filed by an inmate of the Sedgwick County Jail, Wichita, Kansas.

Mr. Jenkins has filed over 50 cases in this court beginning in 1994, and has had filing restrictions imposed upon him.  Most of his cases were filed prior to the passage of 28 U.S.C. § 1915(g). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.  Federal court records reflect that Mr. Jenkins has filed at least three cases which were dismissed for failure to state a claim for relief or as legally frivolous.[1]  He is therefore required to

---

[1] The cases identified as the basis of this designation are Jenkins v. Scott, 95-3487-GTV; Jenkins v. Wilson, 95-3490, Jenkins v. Scott, 95-3491, Jenkins v. Olson, 95-3492, Jenkins v. Greenleaf, 95-3495, Jenkins v. McKune, 95-3505 (D.Kan. Dec. 14, 1995)(these six cases dismissed in one opinion as frivolous and malicious and filing restrictions imposed upon Mr. Jenkins); Jenkins v. Kimerly, 66 F.3d 883, 1995 WL 547797 (unpublished)(10th Cir. 1995)(Mr. Jenkins warned to discontinue vexatious, duplicative lawsuits or reasonable filing restrictions imposed by district court will be upheld); Jenkins v. Bryant, No. 94-3196 (10th Cir. June 24, 1997)(Appeal of issue under § 1983 dismissed as frivolous); Jenkins

"pay up front for the privilege of filing . . . any additional civil actions," unless he can show "imminent danger of serious physical injury."  28 U.S.C. 1915(g); <u>Jennings v. Natrona County Detention Center</u>, 175 F.3d 775, 778 (10th Cir. 1999).

None of the facts alleged in this complaint suggests that plaintiff is under imminent danger of serious physical injury.[2]  Accordingly, Mr. Jenkins may proceed in this action only if he pays the filing fee of $350.00 for filing a civil complaint.

Plaintiff's pending motions need not be decided until and unless he pays the filing fee, and shall be denied as moot if he fails.

The court further finds that this action is in violation of filing restrictions placed upon Mr. Jenkins in <u>Jenkins v. Scott</u>, 1995 WL 781216 (D.Kan. Dec. 12, 1995).

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's application for leave to proceed in forma pauperis (Doc. 2) is denied.[3]

**IT IS FURTHER ORDERED** that he is granted twenty (20) days in which to submit the filing fee of $350.00, and that his failure to pay the full filing fee within that time will result in the dismissal of this action without prejudice.

---

v. Scott, 53 F.3d 342, 1995 WL 250822(unpublished)(10th Cir. 1995)(appeal legally frivolous).

[2]  In fact, the allegations in this complaint appear to be repetitive claims regarding Mr. Jenkins' state prosecution, and state child in need of care proceedings.  In addition he makes allegations concerning problems his children are having, and makes claims regarding police actions alleged to have occurred years ago that have been dismissed in prior cases for various reasons.  Among other things, he seeks to have his and his children's records expunged.

[3]  The court notes that this application is also deficient in that it does not provide a certified statement of Mr. Jenkins' inmate account for the six-month period immediately preceding the filing of this lawsuit.  However, the motion is denied solely because Mr. Jenkins is a three-strikes litigant.

**IT IS FURTHER ORDERED** that any objection Mr. Jenkins may have to his designation as a three-strikes litigant must be submitted within the same 20-day time period.

**IT IS SO ORDERED.**

Dated this 27th day of January, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
