```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**ANTHONY RAY JENKINS,**

                         **Plaintiff,**

              **v.**                            CASE NO.  11-3231-SAC

**STATE OF KANSAS,**
**et al.,**

                         **Defendants.**

## O R D E R

On January 27, 2012, this court entered an order finding that Mr. Jenkins should be designated as a three-strikes litigant pursuant to 28 U.S.C. § 1915(g) based upon prior cases discussed therein.  The court further found that none of the facts alleged in the instant complaint suggest that Mr. Jenkins is under imminent danger of serious physical injury.  Accordingly, Mr. Jenkins' incomplete motion to proceed without prepayment of fees was denied and he was given time to pay the filing fee in full.  He was also ordered to submit any objection he may have to his designation as a three-strikes litigant within the same time period.

The time in which Mr. Jenkins was required to pay the filing fee and submit any objection has expired, and he has not paid the fee.  Nor has he filed an appropriate objection to his three-strikes designation or to imposition of the fee in this case.

The court additionally found that this action is in violation of filing restrictions imposed upon Mr. Jenkins in <u>Jenkins v. Scott</u>, 1995 WL 781216 (D.Kan. Dec. 12, 1995).  Actions that are submitted for filing by Mr. Jenkins in the future that do

not conform to these restrictions may be returned by the clerk without filing.[1]

Before the court's order was entered plaintiff also filed several motions, which the court now denies as moot. He is entitled to no relief in this action since the statutory fee has not been satisfied. After the court's order was entered plaintiff filed a response (Doc. 7), motion for rehearing (Doc. 8), motion for relief (Doc. 9), and second motion for rehearing (Doc. 10).[2] Having examined these filings for allegations that would entitle plaintiff to an exception to the three-strikes provision, the court finds none. Plaintiff states no valid grounds for rehearing of the court's prior rulings. The court designates Mr. Jenkins as a three strikes litigant and concludes that this action must be dismissed on account of his failure to pay the filing fee as ordered.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's pending motions are denied either as moot or as stating no grounds for relief (Docs. 3, 4, 5, 8, 9, and 10).

**IT IS FURTHER ORDERED** that this action is dismissed and all

---

[1] Plaintiff is also forewarned that future pleadings containing profanity may be returned without filing.

[2] Jenkins' allegations in these pleadings are often nonsensical or unclear. For example, he alleges in his response (Doc. 7) that this court has no jurisdiction to rule on his "civil right" and directs the court to "send these complaint (sic) to the U.S. Commission on Civil Right." Mr. Jenkins sent these materials to the court for filing, they are part of the court record, and they will not be sent elsewhere. He may request copies of materials he has filed, but he also may be charged a copying fee since he has been denied leave to proceed in forma pauperis. It was and is his responsibility to prepare and retain copies of all he submits to the court.
Any challenge Mr. Jenkins may have to any state conviction can only be raised in a habeas corpus petition and, as he has been repeatedly informed, he is entitled to no relief in federal court with respect to child custody proceedings.

relief is denied, without prejudice.

**IT IS SO ORDERED.**

Dated this 21th day of March, 2012, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge